**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

**JOHN JENSEN,**

**Plaintiff,**

**CIVIL ACTION NO. 2:21-CV-00890-PP**

**V.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

**Defendant.**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln National")[1] files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff John Jensen ("Plaintiff") and states as follows:

## PARTIES

1. Lincoln National is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln National admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Lincoln National admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln National admits Plaintiff was, at certain times, employed by Quad/Graphics Inc. ("Quad") and was, at certain times, a participant in the Quad/Graphics Inc. Long Term Disability Plan ("the Plan"). Lincoln National admits that Lincoln Life Assurance

[1] Lincoln Life Assurance Company of Boston is the correct name of the Defendant in this action.

Company of Boston ("Lincoln Life") issued a Group Disability Income Policy (the "Policy") to Quad, which Policy, at certain times, insured benefits paid by the Plan. Lincoln National denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln National admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln National denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln National admits that venue of this action is proper in this Court. To the extent that Paragraph 5 contains legal conclusions, Lincoln National is not required to answer. Lincoln National denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln National admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln National specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln National denies all remaining allegations contains in Paragraph 6 of the Complaint.

## FACTS

7. Lincoln National admits Plaintiff was, at certain times, employed by Quad and was, at certain times, a participant in the Plan. Lincoln National denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent Plaintiff attempts to interpret the Policy, Lincoln National refers to the Policy itself as the best evidence of its contents. Lincoln National admits that documents

containing information regarding Plaintiff's income received from Quad and benefit amount from the Plan under the Policy are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln National refers to the administrative record itself as the best evidence of its contents. Lincoln National denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln National admits that Lincoln Life sent a letter to Plaintiff dated June 23, 2020, and Lincoln National refers to the letter itself as the best evidence of its contents. Lincoln National denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln National admits that Lincoln Life sent a letter to Plaintiff dated June 23, 2020, and Lincoln National refers to the letter itself as the best evidence of its contents. Lincoln National further admits that Lincoln Life was, at certain times, the claim administrator for Plaintiff's claim for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln National denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln National admits Lincoln Life issued the Policy to Quad, which Policy, at certain times, insured benefits paid by the Plan. Lincoln National denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln National admits that Lincoln Life received an appeal of the denial of Plaintiff's claim for benefits from the Plan, but Lincoln National refers to the letter and documents themselves as the best evidence of their contents. Lincoln National denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln National admits that Lincoln Life received an appeal of the denial of Plaintiff's claim for benefits from the Plan, but Lincoln National refers to the letter and documents

themselves as the best evidence of their contents. Lincoln National denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln National admits that Lincoln Life received an appeal of the denial of Plaintiff's claim for benefits from the Plan, but Lincoln National refers to the letter and documents themselves as the best evidence of their contents. Lincoln National denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln National Life admits that Lincoln Life sent a letter dated July 20, 2021, to the counsel for Plaintiff, and Lincoln National refers to the letter itself as the best evidence of its contents. Lincoln National denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln National denies all allegations contained in Paragraph 16 of the Complaint.

17. Lincoln National denies all allegations contained in Paragraph 17 of the Complaint.

18. Lincoln National denies all allegations contained in Paragraph 18 of the Complaint.

19. Lincoln National denies all allegations contained in Paragraph 19 of the Complaint.

20. Lincoln National denies all allegations contained in Paragraph 20 of the Complaint.

21. Lincoln National denies all allegations contained in Paragraph 21 of the Complaint.

22. Lincoln National denies all allegations contained in Paragraph 22 of the Complaint.

23. Lincoln National denies all allegations contained in Paragraph 23 of the Complaint.

24. Lincoln National denies all allegations contained in Paragraph 24 of the Complaint.

25. Lincoln National denies all allegations contained in Paragraph 25 of the Complaint.

26. Lincoln National admits Plaintiff was, at certain times, employed by Quad and was, at certain times, a participant in the Plan. Lincoln National denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln National admits that by this action, Plaintiff is seeking recovery of disability benefits from the Plan, and Lincoln National denies Plaintiff is entitled to any such relief or recovery. Lincoln National denies all remaining allegations contained in Paragraph 27 of the Complaint.

**FIRST CAUSE OF ACTION:**

28. Lincoln National incorporates its responses to Paragraphs 1-27 by reference as if fully set forth herein.

29. Lincoln National admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, and Lincoln National refers to the Policy itself as the best evidence of its contents. Lincoln National denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent that Paragraph 30 contains legal conclusions, Lincoln National is not required to answer. Lincoln National denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln National denies all allegations contained in Paragraph 31 of the Complaint.

32. Lincoln National denies all allegations contained in Paragraph 32 of the Complaint.

33. Lincoln National denies all allegations contained in Paragraph 33 of the Complaint.

34. Lincoln National admits only that Lincoln Life's decisions on Plaintiff's claim for benefits from the Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Lincoln National denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln National admits Lincoln Life issued the Policy to Quad, which Policy, at certain times, insured benefits paid by the Plan. Lincoln National denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln National denies all allegations contained in Paragraph 36 of the Complaint.

37. Lincoln National denies all allegations contained in Paragraph 37 of the Complaint.

38. Lincoln National denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln National denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln National is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln National reserves the right to assert additional defenses.

**PRAYER**

Lincoln National requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln National be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln National be awarded such other and further relief to which it may show itself entitled.

Dated this 1st day of October 2021.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Wisconsin, using the electronic case filing system of the court, and the electronic case filing system sent a “Notice of Electronic Filing” to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

William E. Parsons
Email: wparsons@hq-law.com

October 1, 2021
Date

/s/ Iwana Rademaekers
Iwana Rademaekers