**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

**JOHN JENSEN,**

**Plaintiff,**

**CIVIL ACTION NO. 2:21-CV-00890-PP**

**V.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

**Defendant.**

---

**JOINT DISCOVERY PLAN AND RULE 26(f) REPORT**

---

Pursuant to the Court's Order of October 4, 2021, and Fed. R. Civ. P. 26(f), a meeting was held on October 21, 2021, and was attended by William Parsons on behalf of Plaintiff John Jensen ("Plaintiff") and Iwana Rademaekers. on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their remaining claims and defenses, the possibility of settlement or resolution of this case, the timing for initial disclosures, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1. **Brief Statement of the Nature of the Case.**

Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Plaintiff seeks disability benefits under a group benefits program ("Plan") in which Plaintiff was a participant as a result of his

employment. The Lincoln National Life Insurance Company, as the claims administrator for the benefits under the Plan, denied Plaintiff's claim for benefits under the terms of the Plan.

2. **Amendment to Pleadings/Additional Parties.**

None at this time.

3. **Joinder of Parties.**

The parties do not anticipate joining other parties.

4. **The nature of the discovery each party contemplates, and the amount of time the parties believe they need to complete that discovery.**

As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff reserves the right to seek conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before January 31, 2022.

5. **Contemplated Motions.**

None at this time.

6. **Estimated Length of Trial.**

Plaintiff and Defendant agree Plaintiff's claims are governed by ERISA. As such, trial should be unnecessary for the final disposition of this case and, the event that the parties do not resolve the case through settlement, the Parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and cross motions for summary judgment. In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the parties anticipate that it will take 8-12 hours to present the evidence in this case.

7. **Request for Jury Trial.**

None. In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial.

8. **Other issues that might impact trial scheduling.**

Plaintiff and Defendant agree Plaintiff's claims are governed by ERISA and that trial should be unnecessary for the final disposition of this case. In the event that the parties do not resolve the case through settlement, the Parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and cross motions for summary judgment. To facilitate the submission of the case to the Court, the parties jointly propose that the Court establish the following schedule in this matter:

A. January 31, 2022 - Deadline to Complete Discovery.

B. February 14, 2022 - Deadline to file Stipulated Administrative Record.

C. March 14, 2022 - Deadline to file cross motions for summary judgment.

E. April 11, 2022 - Deadline to file response briefs.

9. **Protective Order.**

At this time, the Parties do not believe a protective order will be necessary in this case.

10. **Impact of COVID-19 Outbreak on Discovery.**

The Parties agree that the COVID-19 outbreak should have little to no impact on the Parties' ability to conduct discovery during this litigation, as depositions, conferences, and mediation can be conducted via telephone or video conference.

11. **<u>Discovery Plan pursuant to Rule 26(f)(3):</u>**

(a) **Changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

The parties agree that the case involves review of a decision on an administrative record. In lieu of initial disclosures, on or before October 29, 2021, Defendant will provide Plaintiff with the Administrative Record. Plaintiff shall have until November 29, 2021, to raise any challenge to the completeness of the information, materials and/or documentation contained therein.

(b) **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

The subjects on which discovery may be needed include the relevant documents governing the plan, the administrative record, and offsets under the plan documents. Plaintiff may seek additional discovery pertaining to Defendant's conflict in administering Plaintiff's claim and other subjects as to which discovery is permitted under applicable case law. Discovery is expected to be completed by January 31, 2022, and does not need to be conducted in phases.

(c) **Issues about disclosure, discovery, or preservation of electronically stored information:**

Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.

(d) **Issues about claims of privilege or of protection as trial-preparation materials:**

The parties do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

(e) **Changes that should be made in the limitations on discovery:**

The Parties do not propose any specific limitations on discovery at this time.

(f) **Other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

None at this time.

Dated: October 25, 2021.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
**COUNSEL FOR DEFENDANT, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

- AND -

**HAWKS QUINDEL, S.C.**

*/s/ William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Lynn K. Lodahl, State Bar No. 1087992
Email: llodahl@hq-law.com
409 East Main Street
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236
**COUNSEL FOR PLAINTIFF, JOHN JENSEN**